## State of Vermont v. Robert Allen

[488 A.2d 775]

No. 83-485

Present: Hill, Underwood, Peck and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed February 4, 1985

*Philip H. White,* Orleans County State's Attorney, Newport, for Plaintiff-Appellee.

*Jean A. Swantko,* Public Defender, St. Johnsbury, for Defendant-Appellant.

Gibson, J. As part of a plea agreement disposing of numerous criminal charges resulting from a series of break-ins allegedly committed by defendant while on probation, defendant pleaded nolo contendere to breaking and entering, second-degree arson and attempted arson. He also pleaded guilty to seven counts of unlawful trespass and one count of unlawful mischief, most of these having been reduced from burglary charges. In return, the state's attorney agreed to recommend a sentence of three to

fifteen years, to be served concurrently with the probation violation.

The court imposed on defendant consecutive sentences that exceeded the State's recommendation: one to two years on the probation violation, one to five years on the second-degree arson, sixteen months to two years on the attempted arson, and sixteen months to ten years on the burglary, for a total sentence of four years eight months to nineteen years. Considering time already served on the consecutive sentences, the effect was a sentence of from four to nineteen years. Defendant understood that the court could impose a penalty more severe than that recommended by the state's attorney, and he expressly waived his right to withdraw his plea in such event.

Defendant thereafter filed a timely motion for reduction of sentence, pursuant to 13 V.S.A. § 7042(a) (Supp. 1984), which provides:

> Any court imposing a sentence under the authority of this title, within 90 days of the imposition of that sentence . . . may upon its own initiative or motion of the defendant, reduce the sentence.

In defendant's motion, his reasons for reconsideration were stated to be: his age (18 when the crimes were committed); the fact that the sentence imposed would leave him on probation until he was 38;[*] his background of 15 years in custody of the Vermont Department of Social and Rehabilitation Services; the positive effects of a recent reunion with his natural family; and his post-sentence behavior and desire to change.

The sentencing judge denied appellant's motion without a hearing "pursuant to court's discretion under rule 47(b)(2) V.R.Cr.P." In explanation, the judge wrote, "matters raised in defendant's motion for reconsideration of sentence have already been considered at length at previous hearing prior to imposition of sentence."

■ Defendant appeals, arguing first that, under 13 V.S.A.

---

[*] But see 28 V.S.A. ch. 5, Probation. The probation term can be shorter than the possible prison term, 28 V.S.A. § 251 (Supp. 1984), or longer. *Sherwin* v. *Hogan*, 136 Vt. 606, 609–10, 401 A.2d 895, 896–97 (1979) (denying relief after 21 months on probation, where sentence to serve maximum of one year had been suspended).

§ 7042, the judge has no discretion to refuse to hold a hearing; and second, that, even if the judge does have discretion, in this case he should have held a hearing to address factual issues raised in defendant's motion. He notes specifically an erroneous assertion made at a co-defendant's resentencing, several months after defendant's motion had been denied, regarding which of the two was older, and he also observes that defendant's post-sentence improvement could not of course "have already been considered." We affirm the decision below.

Vermont Rule of Criminal Procedure 47(b)(2) states:

> Unless otherwise required by these rules, oral argument shall be deemed waived unless requested by an interested party or required by the court. In any case, the court may dispose of the motion without argument.

The purpose of this provision is "to speed up motion practice by eliminating frivolous or unnecessary motions and limiting occasions for full hearing." Reporter's Notes to V.R.Cr.P. 47. The Reporter's Notes add, "[i]f the papers indicate a real dispute for one or more relevant facts, the court must hold an evidentiary hearing to dispose of the motion. Given the nature of criminal motion practice, it would be inappropriate to give broad discretion to deny a hearing. Of course, the court can still refuse to grant a hearing where evidence is unnecessary to the disposition of the motion." Both parties focus on this language, defendant arguing that only legal arguments, and not evidentiary hearings, may be omitted, and the State replying that, where facts are not in dispute, the court need not hold an unnecessary hearing. In view of the express language of the rule permitting disposition of an entire motion without argument, and the explanatory language of the Reporter's Notes that a hearing need not be held in the absence of a bona fide factual dispute, defendant's interpretation that nevertheless an evidentiary hearing is always required is erroneous. Clearly, a judge may, in his or her sound judgment, conclude that there is no real dispute as to any relevant fact and dispose of a motion without a hearing.

The question remains as to whether the judge abused his discretion in this case in denying defendant's request for a hearing on his motion for reduction of sentence. We note that the purpose of 13 V.S.A. § 7042 " 'is to permit the trial judge

to reconsider the sentencing decision absent the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice.' " *State v. Rice,* 145 Vt. 25, 32, 483 A.2d 248, 252 (1984) (quoting *State v. Therrien,* 140 Vt. 625, 627, 442 A.2d 1299, 1301 (1982)).

The crimes for which defendant was sentenced involved several serious felonies and misdemeanors committed while on probation. A lengthy sentencing hearing took place during portions of two days. Several members of defendant's family participated, and the court heard considerable testimony on defendant's renewed contacts with his family. A presentence report was prepared, and its author testified in detail at the hearing on defendant's background, his attitude, and his therapeutic needs. Defendant's substance-abuse counselors testified. Defendant, who was represented by counsel, also testified in his own behalf.

The sentence imposed by the court fell well within the range of legal sentences, which permitted incarceration for up to 32 years. It lay within the judge's discretion under 13 V.S.A. § 7042 to refuse to reduce the sentence and to leave reduction of the term of physical imprisonment for operation of the probation and parole processes. In effect, the decision to hold no hearing meant that, even assuming the assertions in defendant's motion were true, the disposition of the motion would not change.

In light of the obvious consideration given by the judge after lengthy and detailed proceedings, we hold that the judge did not abuse his discretion in ruling on the motion for reconsideration of sentence without an evidentiary hearing.

*Affirmed.*