## State of Vermont v. Ricky Rice

[532 A.2d 574]

No. 86-262

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Costello, D.J. (Ret.), and Martin, Supr. J., Specially Assigned

Opinion Filed July 31, 1987

*David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** Defendant, sentenced to a term of three to six years for the crime of sexual assault, appeals the trial court's denial of his pro se motion for reconsideration of sentence. We reverse and remand.

The sole issue presented to this Court is whether an indigent defendant, convicted of a serious crime, is entitled to the appointment of counsel to assist him in preparing a motion for reconsideration of sentence. Defendant propounds both statutory and constitutional sources for such a right.

On February 14, 1986, defendant pleaded guilty to the crime of sexual assault, on the advice of retained counsel and pursuant to a plea agreement. He was sentenced to serve a prison term of three to six years in length. On April 21, he filed a pro se motion for reconsideration of his sentence. The motion was based on a form provided by the court, and it included requests that the court appoint counsel, that counsel be allowed to amend the motion, and that the motion be set for hearing. An attached affidavit alleged that the sentence was harsher than those given to other individuals convicted of the same crime, that defendant had an impressive work record and no previous criminal record, that his family situation had deteriorated since his incarceration, and that he felt sincere remorse for his crime. The court denied the motion without a hearing and without an indication of the reasons for its denial. Defendant then wrote a letter to the court, asking why there had been no hearing and requesting the court to reconsider its summary denial. The court treated the letter as a motion to reconsider and denied it as such.

■ Disposition of a motion for sentence reconsideration is to be made upon a discretionary basis. See *State* v. *Allen*, 145 Vt. 393, 395-96, 488 A.2d 775, 777 (1985). On appeal, defendant must demonstrate either that the court withheld its discretion or exercised it on grounds clearly untenable or to an extent clearly unreasonable. *State* v. *Patch*, 145 Vt. 344, 353, 488 A.2d 755, 761 (1985).

Here, defendant directs our attention to the provisions of 13 V.S.A. §§ 5201-5277, otherwise known as the Public Defender Statutes. Section 5231 of the statutory scheme dictates that "[a] needy person . . . who is charged with having committed *or is being detained under a conviction of a serious crime*, is entitled . . . [t]o be represented by an attorney to the same extent as a person having his own counsel." (emphasis added). Moreover, counsel must also be assigned in "proceedings wherein the person is confined in a penal . . . institution in this state and seeks release therefrom . . . ," *id.* at § 5232(2), and in any "post-conviction proceeding that . . . the needy person considers appropriate." *Id.* at 5233(a)(3).

■ We agree with defendant that these statutory provisions are applicable in cases where a defendant convicted of a serious crime wishes to move for sentence reconsideration. Thus, defendant was entitled at least to a determination whether he was a needy person at the time of the motion.* Because the record includes no indication that the lower court made such a determination, we hold that the court exceeded the bounds of its discretion. The cause is remanded for proceedings to be conducted before a different judge in order to ensure no "inadvertent prejudice." *State* v. *Williams*, 137 Vt. 360, 365, 406 A.2d 375, 377 (1979).

Because of our disposition of the matter on statutory grounds, we do not reach defendant's arguments invoking constitutional authority.

---

* The question whether defendant qualifies as a needy person may be resolved after appointment of counsel. A.O. 4, § 1. Here, however, there appears to be no reason to delay that inquiry. Cf. *State* v. *Nicasio*, 136 Vt. 162, 166, 385 A.2d 1096, 1099 (1978) (requiring law enforcement officer to make on-the-spot determination of needy status of detainee would subvert purpose of public defender statute). On the other hand, defendant's representation by retained counsel prior to conviction does not affect his rights under the statute. 13 V.S.A. §, 5233(b).

*Reversed and remanded for proceedings not inconsistent with this opinion.*