Motion to reinstate appeal denied March 25, 1991.

**STATE of Vermont v. David MARTINSEN**

[590 A.2d 885]

No. 89-168

March 27, 1991. The district court's order denying defendant's motion for sentence reconsideration is affirmed.

Defendant, under a plea agreement, pleaded guilty to a charge of assault and robbery and of violating a condition of release. Pursuant to the agreement, he was sentenced to a term of one to six years for the assault and robbery and a concurrent one year sentence for the release condition violation. Within ninety days of the sentencing, defendant filed a motion for sentence reconsideration pursuant to 13 V.S.A. § 7042(a). The court held two hearings on defendant's motion at which defendant presented information that the time he was serving was longer than that which was anticipated at sentencing, although it was within the sentence imposed. The court denied the motion on the ground that the court was without power to reconsider the sentence because defendant had only presented information concerning developments occurring after sentencing. Defendant then brought this appeal claiming the trial court withheld its discretion by ruling that it was without jurisdiction.

Sentence reconsideration under § 7042(a) is not meant to supplant the parole process. *State v. LaPine*, 148 Vt. 14, 15, 527 A.2d 1150, 1150 (1987) (per curiam). It is, however, a proper use of sentence reconsideration to change a sentence imposed under a mistake about its legal effect on defendant's incarceration. See *United States v. Slutsky*, 514 F.2d 1222, 1229 (2d Cir. 1975). Such reconsideration is not an interference with the parole process' review of defendant's behavior since sentencing, but rather it is an inquiry into the understanding of the

sentencing judge at the time of sentencing.

While defendant argues that the sentencing judge acted under a mistake about the sentence's effect on defendant's incarceration, our review of the record leads us to a different conclusion. The actual length of defendant's incarceration was dependent in part on how the corrections department exercised its discretion in classifying him and placing him in rehabilitative programming. These decisions are clearly within the discretion of the corrections department. While the sentencing judge made a prediction about how these decisions might be made, he properly understood that the department, not the sentencing judge, had control over these decisions. See *United States v. Sheppard*, 612 F. Supp. 194, 201 (S.D.W. Va. 1985) (review of record demonstrated that sentencing judge had no intention contrary to that of Parole Commission); cf. *United States v. Addonizio*, 442 U.S. 178, 190 (1979) ("[J]udge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term."). Since defendant failed to show that the sentencing judge acted under a mistake as to the effect of the sentence upon defendant's incarceration, affirmance is appropriate.

*Affirmed.*