2005 VT 67

**STATE of Vermont v. John SODARO**

[878 A.2d 301]

No. 04-125

¶ 1. June 22, 2005. Defendant John Sodaro appeals from a Chittenden District Court order denying his 13 V.S.A. § 7042 motion for sentence reconsideration on grounds that it is unsupported by the evidence. We affirm.

¶ 2. Defendant, whose criminal record spans twenty years, has a congenital brain defect and experiences periodic seizures. He has been diagnosed as suffering from a personality disorder and post-traumatic stress disorder. Over the years, defendant's illnesses have been treated with various medications. Defendant's impairments led to his alcohol abuse and other self-destructive behavior.

¶ 3. In 2002, defendant was charged with three counts of driving while intoxicated (DWI) and three counts of driving with a suspended license (DLS). He reached a plea agreement with the State in December 2002 which required defendant to plead guilty to the six DWI and DLS charges, and in return, the State would drop nine other charges against him. After the district court accepted the plea agreement and before it imposed sentence, defendant incurred more criminal charges. The additional charges arose from an incident in which defendant, while intoxicated, barricaded himself in a motel room and fired a gun

three times. The district court eventually imposed a suspended term of two to sixteen-and-one-half years, with probation and two years to serve.

¶ 4. In its sentencing decision, the district court recognized that defendant required medical treatment to address his brain dysfunction and consequent problematic behavior. It made a note on the mittimus to the Commissioner of Corrections that defendant should stay on his current medications and he should be permitted to consult with his treating physician.

¶ 5. As defendant's doctor expected, defendant had difficulty adjusting to life in prison. A prison psychiatrist met with defendant in August 2003. Defendant and the doctor discussed taking defendant off of one of his medications, Respirdal, because defendant said he did not think the drug was helping him. He went off the medication, and filed the present motion for sentence reconsideration the following month. In his motion, defendant alleged that he was not receiving the medical treatment that the court expected he would get when it imposed the original sentence. While the motion was pending, defendant attempted suicide. The Department of Corrections (DOC) transferred defendant to the Northwest State Correctional Facility so that he could receive treatment from the facility's on-site mental health services unit.

¶ 6. In February 2004, the district court denied defendant's motion for reconsideration. The court rejected defendant's theory that the lack of medical treatment he received caused his suicide attempt and his other self-destructive behavior in prison. The court noted defendant's history of suicidal gestures and found no causal connection between his current problems and the medical care DOC provided to him. The court concluded that defendant's motion was "simply an effort on his part to get out of jail before serving the entire two year [term]." This appeal followed.

¶ 7. On appeal, defendant argues that the evidence does not support the court's order. He claims that the evidence established that his brain disorder and related problems require competent medical care, and that he has not received such care while in DOC custody.

¶ 8. We will affirm the court's findings if they are based on the evidence, even where conflicting or contradictory evidence exists. State v. Tongue, 170 Vt. 409, 412, 753 A.2d 356, 358 (2000). In this case, the record fully supports the district court's findings and conclusions. The court heard testimony about defendant's impaired brain function and how that affects his behavior. It made findings about defendant's medical history that defendant does not challenge on appeal. The court determined that defendant's self-destructive behavior in prison was consistent with his past and did not result from the correctional facility's medical services, or lack thereof. In essence, defendant's motion sought to remedy the lack of appropriate health care services through sentence modification. Sentence reconsideration is not the right remedy for an alleged lack of prison health care services.

¶ 9. It is well established that sentence reconsideration pursuant to 13 V.S.A. § 7042 is not intended to address post-incarceration matters. State v. LaPine, 148 Vt. 14, 15, 527 A.2d 1150, 1150 (1987) (per curiam). Rather, the statute's purpose is to give the district court an opportunity to consider anew "the circumstances and factors present at the time of the original sentencing." Id. In this case, defendant grounded his motion on post-sentencing circumstances rather than some misapprehension by the court of the circumstances that existed in July 2003 when it sentenced defendant. At sentencing, the district court knew about defendant's brain disorder and his

medical history. It ordered defendant to serve two years of the otherwise suspended sentence in recognition of defendant's long criminal record and the danger he posed to the community. The court observed that defendant would likely get better medical care outside of prison, but it explained that protecting the community was a greater concern. Nothing in defendant's motion altered the court's judgment that a period of incarceration was appropriate given the circumstances.

¶ 10. The district court's order denying reconsideration of defendant's sentence is supported by the evidence and is consistent with the purpose of § 7042. No error appears.

*Affirmed.*