VERMONT SUPREME COURT

109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case Nos.     24-AP-102 &
              24-AP-223



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2025

State of Vermont v. Harley Breer, Jr.\*　　　}　APPEALED FROM:
　　　　　　　　　　　　　　　　　　　　　 }
　　　　　　　　　　　　　　　　　　　　　 }　Superior Court, Washington Unit;
　　　　　　　　　　　　　　　　　　　　　 }　Washington Unit, Criminal Division
　　　　　　　　　　　　　　　　　　　　　 }　CASE NOS. 21-CR-02716 & 21-CR-09799
　　　　　　　　　　　　　　　　　　　　　　　Trial Judge: Michael S. Kupersmith (Ret.)

In the above-entitled cause, the Clerk will enter:

Defendant Harley Breer, Jr., appeals from criminal division orders declining to modify a probation condition and denying his motion for sentence reconsideration.  We affirm.

## I.  Background

In April 2021, defendant was charged with one count of first-degree aggravated domestic assault and one count of resisting arrest.  The State subsequently amended the information, adding one count of obstruction of justice and replacing the resisting-arrest charge with one count of unlawful mischief as a habitual offender.  In November 2021, the State filed a separate case in which it charged defendant with one count of obstruction of justice, one count of extortion, and one count of violating conditions of release (VCR).

The court granted defendant's request for permission to proceed pro se in both cases. Defendant was represented by Attorney Amanda Kitchen in two other dockets in which he was charged with related violations of probation (VOP).

In March 2023, defendant and the State executed a plea agreement encompassing all four cases and filed it with the criminal division.  Under the agreement, defendant would plead guilty to one count of unlawful mischief, no contest to two counts of obstruction of justice, and admit two VOPs.  In return, the State agreed to dismiss defendant's domestic-assault, extortion, VCR, and remaining VOP charges with prejudice.

The agreement provided that defendant would be sentenced to four-to-ten years to serve and five-years-to-life suspended with probation.  A set of agreed probation conditions was appended to and incorporated by reference in the plea agreement.  Among these was special probation condition 27.  The form language for that condition read as follows:

You shall not buy, have or use any firearms, muzzleloaders or other deadly weapons, regardless of whether they are operational or loaded. Other deadly weapons include any other weapon, device, instrument, material or substance, whether animate or inanimate, that, in the manner it is used or is intended to be used, is known to be capable of producing death or serious bodily injury.

The following handwritten sentence was inserted at the end of the paragraph: "Except if approved by your probation officer for hunting purposes."

Defendant was represented by Attorney Kitchen at his May 2023 change-of-plea hearing. Defendant explained that Attorney Kitchen was "representing [him] for the plea agreement, and she primarily negotiated the plea with the State's Attorney's Office."

The court reviewed the terms of the plea agreement with the parties. The following exchange occurred regarding condition 27:

Court: Okay. 27, you shall not buy, have, or use any firearms, muzzleloaders, or other deadly weapons. And that goes on for a while. And then it says, "except if approved by your probation officer for hunting purposes." This is an invitation to a disaster. I mean, as far as I know, under federal law, Mr. Breer cannot own, use, or possess a firearm, period. I suppose he can use a muzzleloader. I don't think that's—

Defendant: Correct.

Court: —considered—

Attorney Kitchen: That's correct.

Court: —a firearm under federal law.

Defendant: My proposal was to be in—in compliance with state and federal laws.

Court: Yeah. Okay. I think that's it.

Condition 27 was briefly addressed once more toward the end of the hearing:

Defendant: I just wanted to be clear on a couple of the conditions. I wanted to make sure that I understood condition 23. Is—the court's going to go with state and federal law; is that correct?

Court: 23 has to do with violent and threatening behavior.

Attorney Kitchen: Yeah.

Defendant: Oh, excuse me. 27, is it?

2

Attorney Kitchen.  Yeah.  It's condition 27.  I believe the—

Court:  Okay, I can put that in.  In accordance with state and federal law?

Attorney Kitchen:  Yeah.  So instead of the [indiscernible].

Defendant:  I just wanted to be clear on everything.

There was no further discussion of condition 27.

Defendant indicated that he accepted the plea agreement following the court's review of its terms.  Accordingly, after a colloquy with the court, defendant pleaded guilty to one count of unlawful mischief as a habitual offender and no contest to two counts of obstruction of justice and admitted to the VOPs in the two other cases.  He was sentenced to four-to-ten years to serve, consecutive to a sentence of five years to life, all suspended with probation.  The probation term was set to extend for twenty years following defendant's release.

In June 2023, defendant filed a pro se motion seeking to correct several of his probation conditions and reduce his sentence under Vermont Rule of Criminal Procedure 35(b).  He indicated that when he reviewed the conditions with his probation officer, he discovered that some—including condition 27—were not in accord with what he believed to be the court's "final ruling and intent" at the May hearing.  With respect to his request under Rule 35(b), defendant indicated that he chose to enter his pleas under the agreement because he had certain expectations about the likely timing of his parole based on his discussions with Attorney Kitchen.  However, the Department of Corrections (DOC) later informed defendant that he would be unable to participate in programs through which he had expected to earn time credits.  He suggested that the appropriate remedy was therefore a reduction in sentence to bring the timing of his parole closer to his alleged expectation at the time of the change-of-plea hearing.

The court scheduled a hearing on the motion for August 2023, noting that Attorney Kitchen remained defendant's counsel of record and therefore directing her to attend.  Attorney Kitchen failed to appear at the hearing.  The court asked defendant whether he would like another attorney to be appointed for him, but defendant responded that he wished to proceed with the motion hearing that day and would represent himself.

The parties and court first discussed defendant's request to correct the probation conditions.  As relevant here, defendant argued that condition 27 "was altered at the time of sentencing to read 'be in compliance with state and federal law.'  And it seems to me like all of the paragraph before that would be stricken, but it still made its way in somehow."  He also argued that, as orally imposed by the court, condition 27 did not include language granting his probation officer discretion to approve the use of deadly weapons for hunting purposes.  The State responded that, following the court's modification, condition 27 contained the standard language followed by the sentence: "except if approved by your probation officer for hunting purposes in accordance with state and federal law."

After reviewing the hearing transcript, the court agreed with the State.  It indicated that it believed the language regarding probation-officer approval was already included in the agreement filed with the court, and the purpose of adding the "state and federal law" language was "to make an exception to permit you to use a muzzleloader during hunting season if you had

3

your probation officer's approval." It stated that it believed its ruling on condition 27 was "clear enough on the record" and declined to make the requested changes.

The court then turned to defendant's request for sentence reconsideration. It observed that defendant appeared to be raising an ineffective-assistance-of-counsel argument and preliminarily suggested that such a claim—while appropriately raised in a post-conviction-relief (PCR) action—might not provide a basis for sentence reduction under Rule 35. However, it indicated that it would take the matter under advisement.

The court subsequently issued an order memorializing the modifications to the probation conditions made at the hearing. As to condition 27, the order provided: "the final sentence should read, 'Except if approved by your probation officer for hunting purposes, in accordance with state and federal law.' "

The criminal division issued a separate decision regarding sentence reconsideration. It explained that by this point, defendant had filed at least three separate motions seeking sentence reduction, and that the "crux" of each motion was the argument that "misrepresentations by [defendant's] lawyer, i.e., ineffective assistance of counsel, induced him to enter into the plea agreement." Although plaintiff could seek post-conviction relief on this ground under 13 V.S.A. § 7131, the court reasoned, it was not a proper basis for sentence reconsideration pursuant to 13 V.S.A. § 7042 and its implementing provision, Rule 35(b). Citing our decisions in State v. Stearns and State v. Sodaro, the court explained that " '§ 7042 is not intended to address post-incarceration matters.' " State v. Stearns, 2022 VT 54, ¶ 6, 217 Vt. 276 (quoting State v. Sodaro, 2005 VT 67, ¶ 9, 178 Vt. 602 (mem.)).

Defendant then filed a motion seeking appointment of counsel and requesting reconsideration of both rulings. In September 2023, the court issued an order appointing a different attorney to represent defendant in connection with his motion to reconsider. It indicated that it would hold a hearing at which defendant's counsel could address issues surrounding his requests to correct the probation conditions, including condition 27. It also explained that it would afford defendant's attorney an "opportunity to demonstrate that defendant's claim about being misled by Attorney Kitchen should be considered under Rule 35(b) and not left to post-conviction relief." However, it would not take testimony on this point; rather, if defendant were to prevail, it would schedule a separate evidentiary hearing.

Defendant's newly appointed counsel then filed a written motion on each issue. The first reiterated that defendant understood the court's ruling at the change-of-plea hearing to strike condition 27 entirely and "replace[] it with the requirement that [defendant] simply comply with state and federal limitations on his right to possess firearms." It requested that condition 27 be corrected to conform with defendant's understanding and also argued that the condition, as written, was overbroad and overly restrictive of defendant's liberty because its prohibition on "deadly weapons" did not give defendant "adequate notice of what basic household items he can use in the course of his daily life without violating his probation."

The second motion argued that Stearns and Sodaro do not stand for the proposition that a sentence-reduction court cannot consider issues that may also be brought in a PCR petition. The grounds on which defendant sought a sentence reduction, it asserted, concerned defendant's "own state of mind when he accepted the proposed plea agreement and the adequacy of defense counsel's representation leading up to the change-of-plea hearing" and argued that these are

4

"circumstances and factors present at the time of the original sentencing" properly considered under Rule 35. Sodaro, 2005 VT 67, ¶ 9 (quotation omitted).

The court scheduled a hearing on the motions for March 2024. Defendant's attorney moved for permission for defendant to appear by remote video. The court granted this request. However, defendant did not appear at the hearing. The court indicated that it understood that defendant was refusing to come to the correctional facility's video-conferencing room. Defendant's attorney attempted to contact him but was told that he declined her call. Because defendant's attorney was present and the hearing was for the purpose of legal argument on the two issues for which she represented him, the hearing proceeded in defendant's absence.

Defendant's attorney argued that regardless of whether defendant agreed to condition 27, it was overbroad as written because it precluded the use of any instrument that, "in the manner it is used or is intended to be used," could be capable of producing death or serious bodily injury. The court responded that it would strike the language "or is intended to be used," explaining that it believed this would address the concern that condition 27 could be construed to prohibit defendant from possessing anything capable of being used as a deadly weapon, such as a kitchen knife. However, it declined to make any other modifications to the condition.

The court also heard argument on whether ineffective assistance of counsel is a proper basis for sentence reduction under Rule 35(b). It took the matter under advisement and issued a written decision denying defendant's request for reconsideration. The order explained that the essence of defendant's argument for sentence reduction were his assertions that: (1) DOC was not implementing his sentence in the manner he believed it would at the time of the change-of-plea hearing; and (2) he entered the plea agreement because he was misled by Attorney Kitchen about how the DOC would implement the sentence, meaning that his pleas were not knowingly and voluntarily made. Neither argument, the court concluded, provided a basis for sentence reduction.

As to the first, the court cited State v. Martinsen for the proposition that a court may exercise its discretion to reduce a sentence if the judge had a mistaken belief about its effect on defendant's incarceration, but explained that this was not the case here. 156 Vt. 643, 643 (1991) (mem.) (emphasis added) (explaining that sentence reconsideration may be used where sentence imposed under court's mistake about legal effect on defendant's incarceration, but is not vehicle for challenging discretionary decisions by DOC). It cited an addendum to the plea agreement which was read into the record at the change-of-plea hearing and explicitly recognized that defendant's receipt of work-camp and earned-time credits was not guaranteed and could be impacted by changes in law or policy or DOC's independent decisions regarding case-staffing and other offender-risk-management decisions.

The court rejected defendant's second argument for two reasons. First, it noted that if plaintiff were to establish that his pleas were not knowing and voluntary, they would be defective, and the proper remedy would not be reduction of sentence but vacatur of the convictions, returning the case to its pre-plea posture. This remedy was not available through Rule 35, the court explained, and must instead be sought through a petition for post-conviction relief. The second issue, the court noted, was that a plea agreement is a contract, and both defendant and the State were bound by its terms and entitled to the benefits of their respective bargains. As a result, the court explained, even if it had discretion to reduce defendant's sentence on these grounds, it would decline to do so. This appeal followed.

5

## II.  Analysis

Defendant argues that the trial court erred in declining to modify probation condition 27 and denying his Rule 35(b) motion without holding an evidentiary hearing at which he could proceed pro se.  We address each issue in turn.

### A.  Probation Condition 27

Defendant argues that condition 27 must be corrected to read: "You shall comply with all State and Federal limitations on your right to possess firearms" because this is the language to which he agreed at the change-of-plea hearing.[1]  He also contends that the criminal division abused its discretion in imposing the condition as currently written because: (1) it is overbroad and unduly restrictive; (2) it restricts lawful conduct where the record does not support a reasonable relation between the prohibition and the conviction for which he received probation, which was unlawful mischief as a habitual offender; and (3) in creating an exception for the use of items approved by his probation officer for hunting purposes, the court impermissibly delegated the power to impose probation conditions to defendant's probation officer.

As defendant notes, probation conditions may not be overly broad or vague.  State v. Freeman, 2013 VT 25, ¶ 17, 193 Vt. 454.  They "must be reasonably related to the crime for which an offender was convicted."  State v. Lumumba, 2018 VT 40, ¶ 20, 207 Vt. 254 (quotation omitted).  The criminal division may impose conditions prohibiting otherwise-lawful behavior if they are "reasonably related to the offender's rehabilitation or necessary to reduce risk to public safety."  28 V.S.A. § 252(b)(18).  It "may not delegate the power to impose probation conditions to a probation officer," but "may, however, give probation officers discretion in the implementation of a probation condition."  State v. Levitt, 2016 VT 60, ¶ 26, 202 Vt. 193 (quotations omitted).

While the trial court's discretion in imposing probation conditions is thus "not without limitation," it is, nonetheless, "expansive."  State v. Urban, 2018 VT 25, ¶ 7, 207 Vt. 13 (quotation omitted).  On appeal, we review for an abuse of that broad discretion.  State v. Moses, 159 Vt. 294, 297 (1992).  The court need not make particularized findings regarding each condition; instead, we consider "whether the record supports the court's exercise of its discretion."  State v. Putnam, 2015 VT 113, ¶ 45, 200 Vt. 257.  "[T]he burden of proof in establishing an abuse of discretion in the imposition of a probationary condition rests with defendant."  Urban, 2018 VT 25, ¶ 7.

We first consider whether defendant agreed to condition 27 as modified at the change-of-plea hearing.  The criminal division thoroughly analyzed this question based on its review of the

---

[1]  We note that although defendant raises this argument under a heading asserting that condition 27 "must be modified or struck," we do not understand defendant to contend that condition 27 should be struck because he does not address this issue in the body of his brief.  To the contrary, defendant concludes his argument by stating that, had he not allegedly agreed to a condition reading " 'You shall comply with all State and Federal limitations on your right to possess firearms,' . . . . then he would have a valid argument that the condition should be struck in its entirety."  (Emphasis added.)

hearing transcript. It concluded that it had ruled that the language regarding state and federal law would append, rather than replace, the language included in the plea agreement—and thus that this was the condition to which defendant agreed.

Defendant asserts that the court's statement, "I think that's it," represented acceptance of defendant's proposal that condition 27 simply require him to comply with state and federal law. The record does not support this argument. The court was responding to defendant's statement that his proposal regarding condition 27 "was to be in . . . compliance with state and federal laws." This in no way indicated an agreement to strike the language included in the plea agreement, something defendant never mentioned. Similarly, the court's final statement on condition 27 was "I can put that in. In accordance with state and federal law?"[2] The court's statement that it would "put that in," as well as the fact that "[i]n accordance with state and federal law" is a sentence fragment that would make no sense as a standalone condition, both support the court's conclusion that it did not strike the bulk of condition 27. Because we are concerned here with preservation, the question is not whether defendant's agreement was knowing and voluntary, but instead whether he indicated any objection to the condition as imposed by the court. We conclude that he did not.

This informs the standard under which we review his remaining arguments. This case is similar to State v. Urban, in which the defendant agreed to certain probationary conditions in his plea agreement and at sentencing but later sought to have them vacated or modified as overbroad and unduly restrictive, arguing that they were not related to the crime for which he was convicted and that the court did not make adequate findings to support their imposition. 2018 VT 25, ¶¶ 17-18. We explained that " '[i]t would be wholly inappropriate to ground relief on the failure of the record to show a sufficient connection between the offense and the probation condition where defendant's agreement to the probation condition caused the absence of a record,' " because this would, in effect, " 'shift the burden of proof on modification of probation from the defendant to the State and the court.' " Urban, 2018 VT, ¶ 19 (quoting State v. Whitchurch, 155 Vt. 134, 139 (1990)). Thus, "in light of the absence of a record, we consider the argument to modify . . . the challenged condition[] as a facial attack on the probation condition[] based on the arguments defendant raises." Id.

Here, the court did not make findings because defendant agreed to condition 27 and, as a result, we must consider defendant's argument as a facial attack on that condition. To prevail on such a challenge, defendant must show that there is "no set of circumstances" under which we could conclude that the condition is sufficiently tailored, supported by the record, and a permissible grant of discretion to the probation officer. See Urban, 2018 VT 25, ¶ 19; Whitchurch, 155 Vt. at 140. But defendant does not allege that there are no circumstances under

---

[2] To the extent defendant might suggest that Attorney Kitchen's reply, which appears in the record as, "Yeah. So instead of the [indiscernible]," should somehow alter this conclusion—even though the court made no response—the record is inadequate to support such an argument. Appellate Rule 10 offers several avenues through which a party may seek to reconstruct the record where a portion of a hearing could not be transcribed. See V.R.A.P. 10(c), (d), (e). Defendant did not pursue any of these options. As a result, even if defendant raised this argument, we would conclude that it is waived. Cf. V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review.").

7

which we could reach such a conclusion. Indeed, as we recognized in Urban, even where we have "considered the delegation of authority to the probation officer to be plain error . . . we have nonetheless remanded to the trial court for the opportunity to make findings justifying the broad delegation." Id. ¶ 19; see, e.g., State v. Moses, 159 Vt. at 297-98 (upholding condition preventing defendant from associating with persons prohibited by probation officer because "[w]here the potential class of victims is broad—and individual associations are not always foreseeable or easily subject to prior approval—the condition necessarily must retain a degree of flexibility to facilitate its proper implementation").

Defendant agreed to condition 27 as imposed by the court, and he has not shown that it is facially invalid on any of the grounds he raises. Therefore, we will not disturb the criminal division's order.

### B. Motion for Sentence Reconsideration

Defendant also argues that the court erred in denying his motion for sentence reconsideration without first holding an evidentiary hearing at which he could represent himself. He notes that the court's September 2023 order limited his attorney's representation to the question of whether ineffective-assistance claims may be considered under Rule 35(b) and explained that if counsel prevailed on that issue, an evidentiary hearing would be scheduled. Defendant contends that the court's subsequent order never dispositively addressed the ineffective-assistance issues, but instead reached the merits of the underlying motion. This was an abuse of discretion, he contends, because in doing so the court contravened its September 2023 order and disposed of issues on which defendant's attorney did not represent him without affording defendant an opportunity to proceed pro se—thus denying him due process.

We review the denial of a motion for sentence reconsideration for abuse of discretion. Stearns, 2022 VT 54, ¶ 6. "Sentence reconsideration under 13 V.S.A. § 7042 and Rule 35 is a limited remedy," and the criminal division has "wide discretion in determining what factors to consider during sentence reconsideration." State v. King, 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.). However, it is well-established that sentence reconsideration "is not intended as a forum to review post-incarceration circumstances or events." Id.; see Stearns, 2022 VT 54, ¶ 6. Its purpose is instead to give the sentencing court "an opportunity to consider anew the circumstances and factors present at the time of the original sentencing." Sodaro, 2005 VT 67, ¶ 9 (quotation omitted). "As these standards imply, sentence reconsideration is of limited utility when a defendant's original sentence was based on a plea." King, 2007 VT 124, ¶ 6.

Defendant's argument on appeal is narrow. He contends that the court abused its discretion in denying the motion because, in light of the September 2023 order, due process required that it hold an evidentiary hearing at which he could represent himself. However, he identifies no authority supporting this assertion. To the contrary, we have recognized that the court "may in its discretion deny a sentence-reconsideration motion without an evidentiary hearing." King, 2006 VT 124, ¶ 6. Where, as here, the court concludes that "even assuming the assertions in defendant's motions were true, the disposition of the motion would not change," it does not abuse its discretion in declining to hold an evidentiary hearing. State v. Allen, 145 Vt. 393, 396 (1985). Nor did the court have an obligation to hear oral argument from defendant before ruling on those aspects of his motion on which he was self-represented. See V.R.Cr.P. 35(d) ("A request for relief under this rule shall be by motion, and the procedure shall be

governed by Rule 47."); V.R.Cr.P. 47(b)(3) ("[T]he court may dispose of the motion without argument.").

Defendant has not shown that the court abused its discretion in denying his motion to reconsider without further hearing.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice