VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    24-AP-266

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,  2025

State of Vermont v. Walter Taylor, III\*       }    APPEALED FROM:
                                            }    Superior Court, Rutland Unit,
                                            }    Criminal Division
                                            }    CASE NO. 21-CR-05873
                                              Trial Judge: David R. Fenster

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the denial of his motion for sentence reconsideration.  We affirm.

Defendant was convicted of aggravated assault, domestic assault with a prior conviction, assault and robbery, and obstruction of justice, following a jury trial.  We recounted the underlying facts in our decision affirming his convictions on appeal.  See State v. Taylor, 2023 VT 60, 218 Vt. 536.  The evidence at trial included the following.  Defendant assaulted his ex-girlfriend in an apartment parking lot and then chased and brutally assaulted a neighbor who tried to intervene to help.  He threatened to kill the neighbor, punched her in the head, and kicked her in the ribs. The neighbor was found by police bleeding in the road; she had a broken nose, fractured ribs, and a large laceration on her forehead that required ten stitches, among other injuries.  The neighbor was recording defendant on her cellphone and defendant took her phone during the assault.

A presentence investigative (PSI) report was prepared for the sentencing hearing.  It detailed defendant's prior convictions and probation violations, and noted that defendant declined to answer questions about accepting responsibility and he did not participate in any of the PSI risk assessments.  The PSI also indicated that defendant committed seven separate Major Disciplinary Infractions (DRs) while incarcerated between January 2018 and August 2018.  The DRs included disruptive conduct, fighting, and threatening.  Defendant objected to the statement in the PSI that he was unwilling to participate in risk assessments, an argument the court rejected, and raised no other objection.  Defendant requested concurrent sentences with a proposed controlling sentence of two to ten years, all suspended except 376 days for the obstruction of justice conviction.  He submitted a report from a clinical psychologist in support of his request.  Defendant also argued that the time he spent incarcerated pretrial during the COVID-19 pandemic constituted punishment.  The State proposed consecutive sentences, with a controlling sentence of eleven to twenty-one years to serve.  It submitted a letter from the

neighbor who described the harm she suffered and expressed continuing fear for her life and safety following defendant's assault.

The court imposed an aggregate sentence of eight to twenty-two years to serve. The sentences ran consecutively to one another except the assault and robbery conviction, which ran concurrently with the other sentences. The court identified the materials it considered in reaching its decision. It found that defendant engaged in a monstrous act against a Good Samaritan who was trying to prevent him from continuing to assault his ex-girlfriend. The assault was brutal and significant; the neighbor was seriously injured and emotionally harmed and continued to suffer effects from the assault. The court detailed defendant's criminal history and his history of major DRs, which included "a number of threatening or fighting DRs." It considered the report by defendant's expert. The court noted that defendant did not have a prior record of convictions for violent offenses, but found that this particular assault under these circumstances suggested that defendant was a risk to others and to the community at large. The DRs also supported this conclusion. Defendant had not taken full responsibility for his actions. The court concluded that its sentence was appropriate, emphasizing the serious nature of the offense and the goals of punishment and deterrence.

In April 2024, following this Court's rejection of his direct appeal, defendant moved for sentence reconsideration and requested a hearing. He argued that his sentence was lengthier than it needed to be to accomplish the goals of punishment and deterrence. Defendant asserted that: the sentencing court made no findings regarding the effect of COVID-19 measures during his incarceration; it gave undue weight to his prison disciplinary record; it should not have found that he posed an ongoing risk to others; and it gave insufficient weight to the report and testimony of his expert witness. Defendant also argued that the aggravated assault conviction was the most significant of his crimes and that the maximum sentence for all of his convictions should be less that the fifteen-year maximum penalty for aggravated assault. The State opposed defendant's motion and argued that no hearing was necessary under the circumstances.

The court denied the motion in a July 2024 order without a hearing. The court emphasized that "[s]entence reconsideration . . . [was] a limited remedy," State v. King, 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.), the purpose of which was "to allow the trial court to reflect on whether the initial sentence is unwise or unjust while considering such factors as it believes are relevant," State v. Stearns, 2022 VT 54, ¶ 12, 217 Vt. 276. The court "has wide discretion in determining what factors to consider, and may in its discretion deny a sentence-reconsideration motion without an evidentiary hearing." King, 2007 VT 124, ¶ 6 (citation omitted) (reiterating that "purpose of sentence reconsideration is to give the [trial] court an opportunity to consider anew the circumstances and factors present at the time of the original sentencing," and "[i]t is not intended as a forum to review post-incarceration circumstances or events" (quotation omitted)).

The court concluded that a hearing on defendant's motion was unnecessary as it had held a lengthy sentencing hearing and defendant's arguments were based on the evidence presented at that hearing. With respect to defendant's argument concerning COVID-19 and the circumstances of his pretrial and presentence incarceration, the court explained that this was not a required factor for the court's consideration at sentencing under 13 V.S.A. § 7030(a). While the court could consider factors other than those specifically identified by statute, it was not required to address each factor explicitly. State v. Ray, 2019 VT 51, ¶ 7, 210 Vt. 496.

Defendant's remaining arguments all challenged the court's assessment of the weight of the evidence. After reviewing the transcript of the sentencing hearing and the parties'

arguments, both at sentencing and with respect to the motion at hand, the court reflected on the sentence it imposed initially. It found that the nature and circumstances of the defendant's offenses overcame any argument for a lesser sentence. It explained that defendant committed a brutal assault, motivated by a desire to hinder or prevent law enforcement intervention, on a person who left the safety of her home to attempt to prevent defendant from assaulting another person. Stated differently, the aggravated assault that defendant committed, which alone had devastating consequences, was motivated by the obstruction of justice and was precipitated by events surrounding the second-degree aggravated domestic assault. Under these circumstances, the court concluded that the sentence it imposed was correct, fair, and served the ends of justice. Defendant appeals.

Defendant argues that the court's ruling was too cursory and does not allow for appellate review. He maintains that the court failed to address or consider the arguments he raised, and that the basis of the court's decision is unknown. According to defendant, the court was required to explicitly "reappraise the underlying sentencing principles in Vermont" in ruling on his motion.

"We review the denial of a motion for sentence reconsideration for abuse of discretion, examining whether the [trial] court withheld discretion or exercised it on grounds clearly untenable or unreasonable." State v. Oscarson, 2006 VT 30, ¶ 7, 179 Vt. 442. Defendant fails to show an abuse of discretion here.

The court exercised its discretion and the basis for its conclusion is evident in its decision. The trial court explicitly recognized the arguments defendant raised. The arguments largely consisted of asking the court to weigh the evidence differently than it had at the time of sentencing. The court considered these arguments, mindful that the purpose of a sentence-reconsideration motion is "to allow the trial court to reflect on whether the initial sentence [was] unwise or unjust while considering such factors as it believe[d] [were] relevant." Stearns, 2022 VT 54, ¶ 12 (quotation omitted). The court was not required to reappraise the underlying sentencing principles in Vermont in ruling on his motion, as defendant asserts. See Stearns, 2022 VT 54, ¶ 12 (contrasting analysis required during imposition of initial sentence with analysis of sentence-reconsideration motion, explaining that court is not required to engage in "wholesale review" of factors in determining motion for sentence reconsideration).

The court did not overlook or ignore defendant's arguments; it rejected them. The court explained why it had not been required to specifically address defendant's COVID-19 argument in imposing its initial sentence, responding to the specific argument defendant raised in his sentence-reconsideration motion. It explained why it concluded that the sentence it initially imposed remained appropriate: defendant brutally assaulted someone who was trying to prevent him from assaulting another person, and his actions were motivated by a desire to hinder or prevent law enforcement intervention. None of defendant's arguments persuaded the court otherwise. As stated above, the court expressly held that the nature and circumstances of defendant's offenses overcame any argument for a lesser sentence. This includes defendant's assertion that more weight should have been given to the circumstances of his pretrial and presentence incarceration, to his mitigating evidence, or to the expert's report he submitted.[1]

---

[1] To the extent defendant also argues, based on his weight-of-the-evidence arguments, that the sentencing court ignored the statutory goal of rehabilitation in imposing its sentence, he fails to show that he raised this argument below and we therefore do not address it. See State v. Sole, 2009 VT 24, ¶ 13, 185 Vt. 504 ("Arguments that are neither litigated nor decided below

The court was not required to specifically address and reject each claim in reaching its conclusion, particularly given the nature of defendant's weight-of-the-evidence arguments. The court acted well within its discretion in denying defendant's motion for sentence reconsideration based on its conclusion that the initial sentence was correct, fair, and served the ends of justice.[2]

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

---

will not be addressed for the first time on appeal." (quotation omitted)); V.R.A.P. 28(a)(4) (stating that appellant's brief should explain what issues are, how they were preserved, and what appellant's contentions are on appeal, with citations to authorities, statutes, and parts of record relied upon).

[2] Defendant raises several other arguments that we do not address because defendant fails to show that they were preserved. This includes defendant's assertion that the sentencing court, in referencing the DRs in his PSI, improperly relied on "uncharged and unproven alleged bad acts to increase a sentence" and that the sentencing court erred in stating that "a number" of these records involved fighting and threatening great bodily harm. In his sentencing-reconsideration motion, defendant argued that the court gave "undue weight" to his DR history, asserting that the DRs were "quite dated," "only one DR involved a physical altercation," and that he received three infractions during a brief period of time.

Defendant also argues for the first time that all of his convictions resulted from a single episode, unbroken by time or place, and therefore the sentences for all of his convictions should have run consecutively. Defendant asserted below, however, that because the assault on the neighbor was "the most significant and driving force in this case," the sentence for that crime "should form the overarching sentence with the sentence for the other convictions concurrent thereto," and "the maximum sentence should deviate downward from the [statutory] maximum" for aggravated assault. This is not the same argument that defendant now attempts to raise on appeal.

4