## State of Vermont v. Myrton Arthur Therrien

[442 A.2d 1299]

No. 246-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 2, 1982

*Gregory W. McNaughton,* Washington County State's Attorney, and *Marc Brierre,* Law Clerk (On the Brief), Montpelier, for Plaintiff.

*Martin & Paolini,* Barre, for Defendant.

**Per Curiam.** The defendant was convicted of grand larceny on a plea of guilty on October 26, 1979, and was then sentenced to a term of imprisonment of not less than one year nor more than four years, all suspended except nine months. On serving nine months he was placed on probation. On February 24, 1981, he was found in violation of probation and was ordered to serve his original sentence of one to four years with credit for time served. On May 5, 1981, pursuant to 13 V.S.A. § 7042, defendant filed a motion for reconsideration of sentence. The trial court dismissed the motion because it was filed more than ninety days after October 26, 1979, the date of the original sentencing. The defendant appeals alleging that the ninety-day limit runs from February 24, 1981, the date that the original sentence was actually put into execution, and therefore the motion was timely.

13 V.S.A. § 7042 provides as follows:

> Any court imposing a sentence under the authority of this title, within 90 days of the imposition of that sentence, or within 90 days after entry of any order or judgment of the supreme court upholding a judgment of conviction, may upon its own initiative or motion of the defendant, reduce the sentence.

The sole issue here is whether under the statute the sentence is considered to be imposed at the time of the original sen-

tencing or at the time the defendant is found in violation of probation.

The defendant's position overlooks the fact that Vermont law distinguishes between imposition of a sentence and execution of it. 28 V.S.A. § 203(a) requires that the probation warrant must contain "the date and place of trial and sentence [and] the sentence imposed." *In re Parker*, 107 Vt. 463, 181 A. 106 (1935), held that "parole does not in any wise displace or abridge the sentence. It merely stops its *execution* for a time only, it may be, or indefinitely, it may prove. It suspends, not destroys." *Id.* at 475, 181 A. at 111 (quoting *Fuller* v. *State*, 122 Ala. 32, 38, 26 So. 146, 147 (1899)) (emphasis added).

Moreover, the defendant's interpretation is not supportable when the pertinent statutes on probation and 13 V.S.A. § 7042 are read together. Permitting a 13 V.S.A. § 7042 motion after the revocation hearing will unnecessarily burden the revocation proceeding and unjustifiably give the defendant yet another chance to attack his original sentence.

A defendant has many opportunities to challenge his sentence and bring mitigating circumstances to the attention of the authorities: first, at his original sentencing hearing from which he may appeal; second, at a 13 V.S.A. § 7042 reconsideration hearing brought within ninety days of the original sentencing; third, at the probation revocation hearing from which the defendant may also appeal, 28 V.S.A. § 302. We do not feel that the legislature intended or fairness requires that the defendant be given a fourth opportunity.

The purpose of the sentence reconsideration statute, 13 V.S.A. § 7042, is to permit the trial judge to reconsider the sentencing decision absent the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice. After a revocation of probation, the defendant's proper avenue for relief is through an appeal or habeas corpus proceeding.

When a violation of probation is established, the trial court has discretion, pursuant to 28 V.S.A. § 304, to revoke probation and require the original sentence to be served,

continue probation, or alter the conditions of probation. Absent a showing that the trial court abused or withheld its discretion, the enforcement of the original sentence after a finding of violation of probation is without error.

The defendant's sentence was imposed on October 26, 1979. His motion for reconsideration was filed more than six months thereafter. Because it was untimely, the trial court correctly dismissed the motion for lack of jurisdiction.

*Affirmed.*