## STATE of Vermont v. Brian DRAPER

[712 A.2d 894]

No. 97-055

April 15, 1998. Defendant appeals from the trial court's sentence imposed after defendant admitted he had violated conditions of his probation. Defendant was on probation as a result of a plea agreement resolving three misdemeanor charges for possession of marijuana, passing a bad check, and violating conditions of release. Defendant had a fourth charge of burglary, to which he had pleaded guilty and served the nonsuspended portion of the sentence, but he was on probation at the time of the plea agreement on the three new charges. The parties agree that all four sentences, including the burglary sentence, were to be served concurrently;

however, after defendant violated probation, the trial court severed the bad check charge sentence and continued defendant on probation, apparently in an effort to preserve an order of restitution. The court revoked defendant's probation on the other three charges and defendant was incarcerated. The result, defendant claims, is that the trial court unlawfully altered his sentence under 13 V.S.A. § 7042, and unconstitutionally subjected him to a harsher punishment, in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We agree that the trial court was without authority to alter the sentence and strike the bad check charge. In view of our disposition, it is unnecessary to reach defendant's double jeopardy claim.

Although the written plea agreement is silent as to whether the burglary charge was to run concurrently with the three misdemeanor charges, the State admitted at oral argument, and the record supports, that all four sentences were, in fact, to run concurrently. Therefore, we reject the State's argument that we should ignore the agreement on public policy grounds and consider the sentences to be consecutive. Instead, we consider whether the trial court had any authority to increase defendant's sentence once the plea agreement was accepted by the court.

The trial court's authority to alter a sentence, whether to increase or reduce it, is limited by 13 V.S.A. § 7042. The relevant portion of the statute provides, in subsection (b), that a state's attorney or attorney general may file a motion with the sentencing judge to increase, reduce or otherwise modify the sentence, but the motion must be filed within seven days of the imposition of sentence. Sentence was imposed on June 11, 1996. On January 23, 1997, the court revoked probation on three charges and continued defendant on the bad check charge. The effect of the order was to alter defendant's sentence on one charge from concurrent to consecutive, to be served after defendant was released from incarceration on the other three charges. Under 13 V.S.A. § 7042, the trial court was without authority to do so.

Moreover, the trial court was constrained by the original sentence even after defendant's admission of a violation of probation. Under 28 V.S.A. § 304, the court was entitled, in its discretion, to revoke probation and require the probationer to serve the sentence which was suspended, to continue probation, or to alter the conditions of probation. See *State v. Therrien*, 140 Vt. 625, 627-28, 442 A.2d 1299, 1301 (1982). Because defendant was serving four concurrent sentences, the trial court's modification of the sentence was improper.

*The order severing defendant's sentence in Docket No. 448-4-96FrCr, passing a bad check, is stricken and defendant shall receive credit on 448-4-96 for time served in connection with his revoked sentences.*