STATE of Vermont v. Michael PRIEST

[743 A.2d 1072]

No. 98-490

October 6, 1999. Defendant appeals the trial court's sentence imposed after defendant admitted violating conditions of his probation, arguing that the court abused its discretion when it failed to alter the original sentence. We affirm.

In September 1994, defendant pleaded guilty to two counts of sexual assault on a minor, see 13 V.S.A. § 3252(a)(3), and was sentenced to a term of imprisonment of zero-to-eight years, all suspended, with several conditions of probation. In July 1998, defendant's parole officer filed a complaint alleging that defendant had violated three conditions of probation, including failing to participate in an approved treatment program for sex offenders. Defendant admitted to the violations and, following sentencing hearings in August and October 1998, the court ordered the execution of the zero-to-eight year sentence originally imposed in September 1994.

On appeal, defendant claims that the court abused its discretion when it failed to alter the original sentence and instead imposed the zero-to-eight year sentence. Discretionary rulings are not subject to revision here unless it clearly and affirmatively appears that such discretion has been abused or withheld. See *State v. Picknell*, 142 Vt. 215, 230, 454 A.2d 711, 718 (1982). So long as there is a reasonable basis for the court's action, we will not overturn it. See *State v. Savo*, 141 Vt. 203, 208, 446 A.2d 786, 789 (1982).

Defendant's abuse-of-discretion claim is founded on his assertion that, "but for" the court's misunderstanding of its sentencing authority, defendant would have received a lesser sentence to serve. Defendant contends that the court failed to consider the alternative of suspending a part of the underlying sentence. Assuming, without deciding, that the alternative envisioned by defendant was available to the court, defendant has neither clearly nor affirmatively identified how the court abused its discretion. "When a violation of probation is established, the trial court has discretion, pursuant to 28 V.S.A. § 304, to revoke probation and require the original sentence to be served, continue probation, or alter the conditions of probation." *State v. Therrien*, 140 Vt. 625, 627-28, 442 A.2d 1299, 1301 (1982).

At the sentencing hearing, the court expressed an interest in ensuring defendant's eligibility to participate in an incarcerative sexual offender treatment program. Informed that under the Department of Corrections guidelines, de-

fendant would be ineligible for the program in the absence of a minimum sentence of at least several months, the court observed that it was without authority to impose · a minimum sentence greater than zero, as imposed in the underlying sentence. The court was correct. The court's authority to alter a sentence, whether to increase or reduce it, is limited by 13 V.S.A. § 7042(a), which allows alteration only within ninety days of the imposition of the original sentence. See also *State v. Draper*, 167 Vt. 636, 637, 712 A.2d 894, 895 (1998) (mem.) (holding § 7042(b) allows state's attorney or attorney general to file motion with sentencing judge to increase, reduce or otherwise modify sentence within seven days of imposition of sentence).

Defendant "overlooks the fact that Vermont law distinguishes between imposition of a sentence and execution of it." *Therrien*, 140 Vt. at 627, 442 A.2d at 1300. Here, whatever the merits of defendant's claim that the court could devise an execution of sentence that would satisfy the internal guidelines for Department of Corrections program eligibility, the sentence is considered to be imposed at the time of the original sentencing. See *id*. In determining that it was without legal authority to alter the sentence originally imposed in September 1994, the court neither abused nor withheld its discretion.

Although the court initially expressed some doubt regarding the propriety of revoking defendant's probation, it's findings clearly indicate that it thought that revoking probation and imposing the underlying sentence were appropriate here:

> I find that on the basis of the original offenses, which are two counts of sexual assault on minors, and the intervening conduct of the probationer, as I have set forth above, that the probationer is in need of correctional treatment which can be

most effectively provided if the defendant is confined. And, further, that it would unduly depreciate the seriousness of the violation of probation relating to the failure to successfully complete sex offender treatment if probation were not revoked.

"Absent a showing that the trial court abused or withheld its discretion, the enforcement of the original sentence after a finding of violation of probation is without error." *Therrien*, 140 Vt. at 628, 442 A.2d at 1301. The court's findings establish a reasonable basis for its decision to revoke defendant's probation and impose the underlying sentence.

*Affirmed.*

**Johnson, J.,** concurring. I concur in the judgment solely for the reason that the trial court did not abuse its discretion in imposing incarceration. I am authorized to state that Justice Dooley joins this opinion.

Motion for reargument denied January 7, 2000.