# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3194

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Leonard Peltier, | * | of North Dakota. |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 13, 2006
Filed:  April 28, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Leonard Peltier appeals the denial by the district court[1] of his motion filed under former Federal Rule of Criminal Procedure 35(a) (applicable to offenses committed before November 1, 1987), in which he challenged his sentence to two consecutive life terms.  He contends that his sentence was illegal because the court that tried him had no subject matter jurisdiction over the crimes of which he was convicted.  We affirm.

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

Mr. Peltier was convicted under 18 U.S.C. §§ 1111, 1114 (1970) of two counts of murder in the first degree in connection with the 1975 shooting of two Federal Bureau of Investigation agents on the Pine Ridge Indian Reservation. *United States v. Peltier*, 585 F.2d 314, 318 (8th Cir. 1978), *cert. denied*, 440 U.S. 945 (1979); *see also* 18 U.S.C. § 2. Section 1114 provided, *inter alia*, that anyone who kills an FBI employee or officer while that individual is engaged in his or her official duties "shall be punished as provided under sections 1111 and 1112 of this title." In turn, § 1111(b) prescribed the punishment for murder committed "[w]ithin the special maritime and territorial jurisdiction of the United States." Mr. Peltier contends that since the FBI agents were killed in Indian country, over which the government had neither maritime nor territorial jurisdiction, he was illegally convicted.

The version of Rule 35(a) that applies to Mr. Peltier's case permits the sentencing court to correct an illegal sentence at any time. *See United States v. McQuiston*, 307 F.3d 687, 689 (8th Cir. 2002); *see also Hill v. United States*, 368 U.S. 424, 430 (1962). We review the district court's denial of a Rule 35(a) motion for an abuse of discretion, *see United States v.Gruenberg*, 53 F.3d 214, 215 (8th Cir. 1995) (per curiam), which occurs when the district court makes an error of law or relies on clearly erroneous facts, *United States v. Weiland*, 284 F.3d 878, 882 (8th Cir. 2002).

It is fatal to Mr. Peltier's position that Rule 35(a) permits a court to correct illegal sentences, not "errors occurring at the trial or other proceedings prior to the imposition of sentence," *Hill*, 368 U.S. at 430. We agree with the other circuit courts that have held that challenges to a district court's subject matter jurisdiction over an underlying conviction are not proper under Rule 35(a). *United States v. Lika*, 344 F.3d 150, 152-53 (2d Cir. 2003) (per curiam); *United States v. Mathews*, 833 F.2d 161, 164 (9th Cir. 1987). Rule 35(a) is simply an inappropriate vehicle for the claim that Mr. Peltier mounts because the claim does not address his sentence at all.

We believe, moreover, that even if Rule 35(a) were an appropriate vehicle for Mr. Peltier's claim, that claim would fail. In recognition of the interest of the United States in protecting federal functions, § 1114 criminalizes the killing of federal officers engaged in the performance of their official duties. *Cf. United States v. Feola*, 420 U.S. 671, 677 n.9 (1975). The statute states that a person who commits such an offense "shall be punished as provided under sections 1111 and 1112 of this title." 18 U.S.C. § 1114. As the district court realized, that language is intended to incorporate the punishment prescribed in § 1111(b), not its jurisdictional provision; the language in § 1114 cannot reasonably be taken to incorporate that portion of §1111(b) that does not deal with punishment. The district court correctly characterized §1114 as "a statute of general applicability" in which the situs of the crime was not an element. *See United States v. Dodge*, 538 F.2d 770, 775 (8th Cir. 1976), *cert. denied*, 429 U.S. 1099 (1977). Such statutes are applicable in Indian country. *United States v. Yankton*, 168 F.3d 1096, 1097-98 (8th Cir. 1999).

Mr. Peltier also contends that his sentence is illegal because § 1114, as applied to murders occurring on reservations, is an unconstitutional exercise of Congress's power under the commerce clause. *See*, *e.g.*, *United States v. Lopez*, 514 U.S. 549 (1995); *United States v. Morrison*, 529 U.S. 598, 607-09 (2000). In the first place, the unconstitutionality of the statute underlying the conviction is not a matter that can be addressed in a Rule 35(a) motion; the sentence would not be illegal within the meaning of the rule even if the statute that formed the basis for the conviction was unconstitutional. *Cf. United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992), *cert. denied*, 506 U.S. 848 (1992).

But Congress's power under the commerce clause is in any event irrelevant to this case, because there is power elsewhere in the Constitution that plainly authorizes Congress to pass the statute in question. Congress may "make all Laws which shall be necessary and proper for carrying into Execution the [Congressional] Powers" enumerated in the Constitution, "and all other Powers vested by [the] Constitution in

the Government of the United States." U.S. Const. art. I, § 8, cl. 18. In 1975, § 1114 prohibited killing FBI agents or numerous other government officers and employees specifically listed in the statute, while they were engaged in their official duties. 18 U.S.C. § 1114 (1970). (Congress has since replaced this list with general language that prohibits killing "any [federal] officer or employee.") Killing a federal officer engaged in his or her official duties affects the federal government's ability to execute its laws and is thus an offense that the United States can punish. *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 417 (1819); *see Sabri v. United States*, 541 U.S. 600, 605 (2004). A statute like § 1114 is "necessary in order to insure uniformly vigorous protection of federal personnel." *Feola*, 420 U.S. at 684.

For the aforementioned reasons, we affirm the district court's denial of Mr. Peltier's motion.

_____