NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 59

No. 22-AP-260

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| v. | On Appeal from Superior Court, Rutland Unit, Criminal Division |
| | |
| Edwin Rodriguez | September Term, 2023 |

David R. Fenster, J.

Ian C. Sullivan, Rutland County State's Attorney, and Arthur O. Brown, Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and A. Alexander Donn, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Dooley, J. (Ret.), Specially Assigned

¶ 1.     **COHEN, J.**  Defendant appeals from the criminal division's denial of his motion for sentence reconsideration. Defendant argues that the trial court failed to adequately consider mitigating factors and improperly relied on prior uncharged conduct. We affirm.

¶ 2.     In December 2018, defendant was charged with aggravated domestic assault under 13 V.S.A. § 1043(a) and related criminal counts for physically assaulting complainant, who was his then-romantic partner. After defendant pleaded not guilty, the trial court ordered defendant to be held without bail.

¶ 3.    While awaiting trial, defendant remained incarcerated throughout the COVID-19 pandemic and unsuccessfully sought to be released on bail based on health concerns arising from conditions of his confinement.  At a change-of-plea hearing in December 2021, defendant pleaded guilty to one count of aggravated domestic assault in the first degree pursuant to 13 V.S.A. § 1043(a)(1) and one count of domestic assault pursuant to 13 V.S.A. § 1042.[1]  As part of that plea agreement, the State agreed to a cap of twelve years of incarceration.

¶ 4.    In advance of his sentencing hearing, defendant submitted a sentencing memorandum in which he sought a sentence of four-to-eight years, all suspended but four years to serve, with a ten-year term of probation with certain conditions.  Defendant referenced several mitigating factors in support of his proposed sentence.  He asserted that his lengthy pretrial incarceration consisted of punitive conditions such as constant lockdowns, extended periods of isolation, and deficient medical treatment after contracting COVID-19.  Defendant also cited to his work as a law librarian during his pretrial detention, letters of support from his supervisor and mother, and a psychological evaluation by a clinical psychologist identifying defendant as an excellent candidate for behavioral therapy and counseling.  Defendant stated his desire to relocate to Massachusetts where he could rely on familial support from his mother, an educator, and sister, a nurse.  He further sought to have supervision of his post-incarceration sentence transferred to Massachusetts.

¶ 5.    In April 2022, the trial court held a sentencing hearing during which it took evidence and heard from three witnesses.  First among those witnesses was defendant's expert, a clinical psychologist, who testified about defendant's candidacy for cognitive behavioral therapy and supportive counseling.  A Department of Corrections worker testified briefly about treatment

---

[1] Defendant was also charged with, and pleaded guilty to, another count of domestic assault under 13 V.S.A. § 1042 which arose out of a separate incident.  That charge is not at issue in this appeal.

options in the correctional setting.  Finally, complainant testified at length about her history with defendant, including the toll of his physically and mentally abusive conduct.

¶ 6.     In her testimony, complainant detailed three instances of prior violence she suffered at the hands of defendant.  In one instance, defendant threw an object at complainant, forced her back into the house, and placed her in a bedroom with her dog.  He then told complainant that, during the five minutes it would take for him to retrieve a pipe, she needed to decide whether she or the dog would die.  In another episode, defendant broke into the home of complainant's mother where complainant was sleeping, woke complainant up, and proceeded to strangle her. Complainant testified about a third event where defendant struck complainant with such force that he broke complainant's orbital socket.  She testified about the resulting trauma from defendant's violence and the reasons why she did not report those prior instances to police.  Counsel for defendant cross-examined complainant about her testimony on defendant's prior unreported and uncharged violent conduct, as well as other matters.

¶ 7.     During a colloquy regarding defendant's objections to the presentence investigation report, the trial court acknowledged the State's request that the court independently evaluate the evidence presented by complainant regarding prior uncharged conduct for sentencing purposes. Defense counsel agreed to that procedure.  During closing arguments, defense counsel reiterated the mitigating factors set forth in defendant's sentencing memorandum.  Among those were defendant's childhood trauma, his familial support in Massachusetts, his candidacy for behavioral therapy, and his work during pretrial detention.  Defense counsel also asked the court to consider the circumstances of defendant's pretrial detention during the COVID-19 pandemic.

¶ 8.     After hearing defendant's statement, the trial court evaluated the pertinent factors to determine an appropriate sentence.  In doing so, it considered not only defendant's "loving and supportive family," but also his "significant prior history of criminal convictions" including kidnapping, aggravated assault, and other offenses.  While the court noted the supportive letter

3

from defendant's work supervisor, it also considered disciplinary reports filed against defendant during previous instances of incarceration. The court also recognized defendant's acceptance of responsibility and remorse for his conduct. And it acknowledged the need to consider defendant's lengthy period of pretrial incarceration during the pandemic, which "was unlike anything that we have ever seen." The court also recounted complainant's testimony of defendant's "lengthy history of violence against her" and the three prior uncharged incidents that complainant described in detail. It found, by a preponderance of the evidence, that those three incidents occurred.

¶ 9. After weighing these factors, the trial court concluded that a split sentence as sought by defendant was "simply not appropriate under the circumstances." The court thus imposed an effective sentence of nine to twelve years of imprisonment.

¶ 10. Defendant timely filed a motion for sentence reconsideration under 13 V.S.A. § 7042. Defendant asked the court to reconsider its reliance on the prior uncharged violent conduct, arguing that those instances were not proven by a preponderance of the evidence and were afforded too much weight. He further argued that the court should have placed more weight on the mitigating factors including the difficult circumstances of his pretrial detention during the pandemic.

¶ 11. The trial court denied defendant's motion. It explained that complainant's testimony about defendant's long history of violence against her was credible and that the three specific instances detailed by complainant had been proven by a preponderance of the evidence. According to the court, the State was not required to provide corroborating evidence to satisfy that evidential burden, and the court reiterated its findings to that end. As for the mitigating factors, the court considered the testimony by the clinical psychologist, the letters in support of defendant, defendant's remorse and acceptance of responsibility, and defendant's incarceration during the pandemic. But the court stressed that these factors were outweighed by other sentencing factors

4

such as defendant's prior convictions and his lengthy history of violence against complainant. This appeal followed.

¶ 12. We review a denial of a motion for sentence reconsideration for abuse of discretion. State v. Stearns, 2022 VT 54, ¶ 6, __ Vt. __, 288 A.3d 173. Under 13 V.S.A. § 7042, a trial court has "broad discretion to determine which factors to consider during sentence reconsideration." Id. The purpose of sentence reconsideration is to "allow the trial court to reflect on whether the initial sentence is 'unwise or unjust' while considering 'such factors as it believes are relevant.' " Id. ¶ 12 (quoting State v. Dean, 148 Vt. 510, 513, 536 A.2d 909, 912 (1987)).

¶ 13. Defendant first argues that the trial court effectively ignored the circumstances of his pretrial detention during the height of the COVID-19 pandemic. He additionally contends that the court failed to adequately consider other mitigating factors in his favor while placing undue weight on his prior uncharged violent conduct. We are unpersuaded.

¶ 14. When sentencing a defendant, a trial court is obligated to consider relevant factors including the nature and circumstances of the crime, the history and character of the defendant, the need for treatment, and the risk they pose to themselves, others, and the community at large. 13 V.S.A. § 7030(a) (providing that sentencing court must consider these factors). In imposing a sentence that is tailored to a particular defendant, a court may also consider other relevant factors as offered by the State and the defendant. See State v. Sullivan, 2018 VT 112, ¶ 7, 208 Vt. 540, 200 A.3d 670. The nature of defendant's pretrial incarceration during the COVID-19 pandemic is one such individual factor that may warrant careful consideration in fashioning an appropriate sentence. Cf. United States v. Brown, 78 F.4th 122, 132 (4th Cir. 2023) (reversing sentence, in part, based on length of sentence in conjunction with punitive prison conditions imposed during COVID-19 pandemic). A trial court appropriately considers these "unique" circumstances in weighing relevant factors when crafting a sentence. See Sullivan, 2018 VT 112, ¶ 6.

5

¶ 15.  Contrary to defendant's position, the trial court did not fail to consider the circumstances of his pretrial detention during the pandemic.  It accounted for the fact that defendant "has been incarcerated for a lengthy period of time during the pandemic" which, as the court acknowledged, "was unlike anything that we have ever seen."  And in its denial of defendant's motion for sentence reconsideration, the court explained that it considered defendant's incarceration during the pandemic.

¶ 16.  Thus, the underlying record establishes that the trial court <u>did</u> consider the nature of defendant's pretrial detention during the pandemic.[2]  It was not required to engage this factor at an unspecified level of detail.  Cf. <u>State v. Hughs</u>, 2018 VT 74, ¶ 27, 208 Vt. 44, 194 A.3d 1181 (noting that "the simple failure to address a particular mitigating factor" does not "doom a sentence").  Nor was the court obligated to address this factor for a second time when it ruled on defendant's motion for sentence reconsideration.  <u>State v. King</u>, 2007 VT 124, ¶ 6, 183 Vt. 539, 944 A.2d 224 (mem.) ("The trial court has wide discretion in determining what factors to consider during sentence reconsideration."); see also <u>Stearns</u>, 2022 VT 54, ¶ 12 (explaining that court is not required to engage in "wholesale review" of factors in determining motion for sentence reconsideration).

---

[2] In support of his argument, defendant offers a rule where a court should provide two days credit towards a sentence for each day that a defendant spent in pretrial detention during the COVID-19 pandemic.  We decline to adopt such a broad mandate.  It is well-settled that a trial court's primary goal in sentencing is to "fashion an <u>individualized</u> sentence that is fair and just according to all the facts and circumstances of that unique case."  <u>Sullivan</u>, 2018 VT 112, ¶ 6 (emphasis added).  Adopting defendant's proposed rule would undermine the trial court's role in assessing the circumstances unique to defendant's pretrial incarceration and, in turn, interfere with that court's obligation to impose an individualized sentence.  But even if we were so inclined, the laws and rules governing credit towards sentencing are controlled by the Legislature and the Department of Corrections, not this Court.  See 13 V.S.A. §§ 7031, 7044; see also <u>State v. Kimmick</u>, 2007 VT 45, ¶ 15, 181 Vt. 635, 928 A.2d 489 (refusing to require application of "good-time credit" towards sentencing "in the absence of any clear legislative intent to impose such a requirement").

¶ 17. In addition to the unique circumstances of defendant's pretrial detention, the trial court explicitly considered the other mitigating factors offered by defendant. Those factors included defendant's familial support in Massachusetts, the testimony and letter from the clinical psychologist, a letter of support from his work supervisor, his sincere remorse and acceptance of responsibility for his actions, his lack of disciplinary records during his pretrial detention, and his need for treatment and rehabilitation. But the court found that the mitigating factors were outweighed by the nature of the offense at issue, defendant's numerous prior convictions for violent conduct, and his history of violence against complainant. As already noted, the court found by a preponderance of the evidence that defendant had on three previous occasions committed acts of violence against complainant, resulting in complainant being terrified by his potential release from prison. Balancing these factors, the court concluded that a significant sentence was warranted.

¶ 18. As the court explained in denying defendant's motion for sentence reconsideration, it found that the aggravating factors outweighed those presented by defendant. Although it was not required to, the court detailed in that decision the precise factors that it weighed in sentencing defendant. While defendant challenges the particular weight that the court afforded each factor, that function is within the exclusive province of a trial court for sentencing purposes. See State v. Webster, 2017 VT 98, ¶ 48, 206 Vt. 178, 179 A.3d 149 (noting that whether different judge may have "weighed the sentencing factors differently" does not constitute abuse of discretion); State v. Hinton, 2020 VT 68, ¶ 23, 213 Vt. 1, 239 A.3d 246 (holding that court did not abuse discretion where it weighed sentencing factors and engaged in thorough analysis of those factors). The record reveals that the court did not abuse its discretion in doing so.

¶ 19. Defendant also asserts that the trial court improperly relied on prior uncharged conduct in sentencing defendant. Specifically, he contends that the court's reliance on the three violent episodes of prior uncharged conduct described by complainant at the sentencing hearing,

see supra, ¶ 6, violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Defendant did not raise these constitutional claims below, and he does not now argue on appeal that they should be reviewed for plain error.  Accordingly, we decline to address these claims, which defendant raises for the first time on appeal.[3]  See, e.g., State v. Hinchliffe, 2009 VT 111, ¶ 34, 186 Vt. 487, 987 A.2d 988 (declining to address purported constitutional vagueness and overbreadth argument first raised on appeal absent plain-error argument).

       Affirmed.

FOR THE COURT:

_____

Associate Justice

---

[3]  Although we do not reach the merits of defendant's constitutional claims, we note that the trial court found complainant's testimony to be credible and highly probative.  It further found her testimony proved the three instances of prior uncharged conduct by a preponderance of the evidence, and it made that finding after defense counsel cross-examined complainant.  Those determinations are reserved solely for the trial court.  State v. Hagen, 151 Vt. 64, 65, 557 A.2d 493, 494 (1989).  Accordingly, the court could properly rely on those three instances of prior uncharged conduct for purposes of sentencing.  See State v. Grega, 168 Vt. 363, 386, 721 A.2d 445, 461 (1998) ("Criminal conduct can be used to enhance a sentence at a sentencing hearing regardless of whether the defendant has been charged with[] . . . [that] conduct, as long as it has been proven at the hearing by a preponderance of the evidence."); State v. Drake, 150 Vt. 235, 236, 552 A.2d 780, 781 (1988) (reaffirming that uncharged conduct properly considered where victim testifies under oath and is subject to cross-examination).