NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2026 VT 22

No. 25-AP-041

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windham Unit, |
| | Criminal Division |
| | |
| Travis Smith | February Term, 2026 |

Katherine A. Hayes, J. (Ret.)

Dana Nevins, Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Rebecca Turner, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT:  Reiber, C.J., Eaton, Waples, Nolan and Drescher, JJ.

¶ 1.    **NOLAN, J.**  Defendant Travis Smith appeals a criminal division order denying his Vermont Rule of Criminal Procedure 35 motion to vacate or reduce his sentence for felony lewd and lascivious conduct.  Defendant asserts two issues on appeal.  First, he claims that his sentence violates the requirement in Chapter II, § 39 of the Vermont Constitution that sentences must be proportionate to offenses and that it should be corrected using Rule 35(a).  Second, he argues that the sentencing court abused its discretion when it failed to reduce his sentence and to consider his argument that the "misdemeanor-level conduct" of his conviction warranted a reduction in his sentence.  We hold that although defendant describes his first challenge as a Rule 35(a) argument, the substance of the argument amounts to a challenge to his underlying conviction that he cannot

pursue under Rule 35(a). We further hold that the trial court acted within its discretion in denying defendant's motion for sentence reconsideration. We therefore affirm.

¶ 2. In 2021, defendant was charged with felony lewd and lascivious conduct in violation of 13 V.S.A. § 2601. At the February 2023 trial, the following facts were presented. The victim, then eighteen years old, visited her friend's house in Grafton, Vermont, to spend the night. At the time, the victim's friend was dating and living with defendant, who was forty-nine years old. After watching TV and playing video games, the victim and the friend fell asleep on the couch next to defendant. The friend woke up and saw defendant's hand inside of the victim's shirt and bra, touching her nipple while the victim was sleeping. The friend was shocked and unsure what to do. She asked defendant to go to bed with her, but he declined, saying he wanted to stay up and play video games. After trying and failing to wake up the victim and convince her to go to bed, the friend went to her bedroom. She then proceeded to check on the victim and defendant several times, each time finding defendant playing video games, before eventually falling asleep.

¶ 3. The victim woke up around 4 or 5 a.m. with defendant standing over her masturbating. Defendant had one hand around his exposed penis and the other hand under the victim's underwear moving his fingers on her vagina. He continued for about five seconds before removing his hand. The victim pretended to be asleep for about ten minutes until she heard defendant walk away. The victim went into an empty bedroom upstairs and tried to call and text friends but was unable to reach anyone. She felt "[v]ery scared," "confused," and "really anxious." The victim waited for the friend to wake up and then left.

¶ 4. A couple days later, the victim told the friend that defendant masturbated over her. The friend confronted defendant about what she had seen and what the victim had told her. Defendant initially denied the accusations but later admitted to the acts and sent the victim an apology.

2

¶ 5.    The court instructed the jury as to the elements of lewd and lascivious conduct and specified that any one of the following acts could support the charge: (1) "touch[ing] [victim's] breasts"; (2) "put[ting] his hand down her pants"; or (3) "masturbat[ing] over her."  The court also instructed the jurors that if they did not find that defendant was guilty of lewd and lascivious conduct, they could still find him guilty of lewdness.  The court explained that the crime of lewdness is a lesser offense of felony lewd and lascivious conduct, and that any of the same three acts could form the basis for a conviction for lewdness.  The jury found defendant guilty of lewd and lascivious conduct.  It did not find him guilty of the lesser-included offense.

¶ 6.    In October 2023, following a presentence investigation and psychosexual evaluation and a contested sentencing hearing, the court sentenced defendant to two-to-four years, all suspended except for ninety days to serve.  The court also imposed a five-year term of probation and all conditions requested by the State.

¶ 7.    Defendant appealed, arguing among other things that the punishment for felony lewd and lascivious conduct under 13 V.S.A. § 2601 is unconstitutionally disproportionate to the offense because it proscribes the same behavior as the misdemeanor crime of lewdness under § 2601a.  State v. Smith, No. 23-AP-317, 2024 WL 4751722, at *1-2 (Vt. Nov. 8, 2024) (unpub. mem.), https://www.vtcourts.gov/sites/default/files/documents/eo23-317.pdf.  Compare 13 V.S.A. § 2601 (proscribing "open and gross lewdness and lascivious behavior"), with 13 V.S.A. § 2601a (proscribing "open and gross lewdness").  Defendant acknowledged that, unlike § 2601a, § 2601 requires "lascivious" behavior, but he argued that the inclusion of "lascivious behavior" in the felony statute is "vague and does not allow for a meaningful proportionality analysis."  Id. at *2.  Because defendant did not raise this argument at trial, this Court reviewed for plain error and concluded that the alleged error was not plain because defendant's argument was a novel constitutional challenge.  Id.

3

¶ 8. After our decision on defendant's direct appeal, defendant filed a motion for sentence reconsideration pursuant to Rule 35 in the trial court. Defendant argued that his sentence and conviction should be vacated under Rule 35(a) because it was grossly disproportionate to the crimes he committed and thus violated Chapter II, § 39 of the Vermont Constitution. See Vt. Const. ch. II, § 39 ("[A]ll fines shall be proportioned to the offences."). Defendant argued that under the State's theory of the case and the jury instructions, any one of defendant's acts could support either a felony lewd and lascivious conviction or the lesser-included misdemeanor offense of lewdness. He further maintained that because there was no additional aggravating criminal conduct that distinguished his acts from misdemeanor conduct, he should not receive a felony-level punishment. Defendant also argued that his sentence should be reduced pursuant to Rule 35(b) because of his "misdemeanor-level conduct" and other mitigating factors. Defendant contended these mitigating factors included his low risk of recidivism, lack of prior criminal history, and amenability to treatment.

¶ 9. The trial court denied defendant's motion. The court explained that it did not have the authority under Rule 35(a) to vacate his conviction and sentence because "sentence reconsideration is not the forum for raising an argument that the statute under which a defendant was convicted is unconstitutional." The court suggested that the appropriate avenue to raise this issue was in an action for post-conviction relief. The court also rejected defendant's request to reduce his sentence, concluding that defendant's motion did not raise any new arguments that were not already considered at defendant's sentencing hearing in October 2023, which, the court noted, was removed in time from the pressures of trial. The court further considered aggravating factors, including that defendant's criminal conduct was "egregious and harmful," the eighteen-year-old victim was traumatized by this event, and her life was significantly harmed. The court agreed with the State's characterization of the offense as " 'predatory sexual behavior.' " The court stated that

4

it had considered defendant's prior lack of criminal record and his relatively stable circumstances, and had reduced the severity of the sentence to account for those factors. The court concluded that defendant's sentence was "appropriate and should not be reduced or modified in any way." This appeal followed.

¶ 10. Defendant makes two arguments on appeal. First, defendant repeats the argument he made to the trial court that his sentence is unconstitutionally disproportionate to his crime and should be corrected under Rule 35(a). Second, defendant argues that the trial court abused its discretion when it denied his request for sentence reconsideration under Rule 35(b) because it did not consider this constitutional argument and there were no aggravating factors in his case. We address each of these arguments in turn.

¶ 11. As to his Rule 35(a) argument, defendant contends that the trial court had the authority to correct his allegedly illegal sentence under the rule and Article 4 of the Vermont Constitution, which requires that justice be delivered "promptly and without delay." Vt. Const. ch. 1, art. 4 ("[E]very person ought to obtain right and justice, freely, and without being obliged to purchase it; completely and without any denial; promptly and without delay; conformably to the laws."). Defendant argues that Rule 35(a) should be available for defendants as an "immediate remedy in the criminal court . . . [which] necessarily [includes] having the authority to check unconstitutional application of the Legislature's sentencing scheme to a particular individual standing before it at sentencing or a sentence reconsideration proceeding."

¶ 12. Rule 35(a) states that a court "may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." V.R.Cr.P. 35(a). A sentence is illegal if it is not authorized by law. State v. Oscarson, 2006 VT 30, ¶ 7, 179 Vt. 442, 898 A.2d 123; see also Reporter's Notes, V.R.Cr.P. 35(a) ("An illegal sentence is one that is not authorized by statute."). The question of whether

defendant's sentence is illegal is a question of law, which this Court reviews de novo. Oscarson, 2006 VT 30, ¶ 7.

¶ 13.   Because Vermont Rule 35(a) is identical to former Federal Rule of Criminal Procedure 35(a), we have consulted federal decisions and followed the interpretations of former Federal Rule 35(a) when we find them persuasive.[1]   Oscarson, 2006 VT 30, ¶ 11; see also Reporter's Notes, V.R.Cr.P. 35 ("This Rule is derived from Federal Rule 35."). In interpreting former Federal Rule 35(a), the U.S. Supreme Court explained that Rule 35's "narrow function . . . is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Hill v. United States, 368 U.S. 424, 430 (1962). This includes correcting punishments that are "in excess of that prescribed by the relevant statutes, multiple terms . . . imposed for the same offense, [and] terms of the sentence itself [that are] legally or constitutionally invalid in any other respect." Id.

¶ 14.   This Court has made clear that an attack on an underlying conviction falls outside the scope of Rule 35(a). See Oscarson, 2006 VT 30, ¶ 15 (concluding that "[d]efendant's theory of sentence illegality relies upon the illegality of her conviction," and "it is beyond the limited role of sentence reconsideration to allow this challenge under Rule 35(a)"); State v. Rosenfield, 2016 VT 27, ¶ 6, 201 Vt. 383, 142 A.3d 1069 (rejecting defendant's Rule 35(a) challenge to third driving-under-the-influence (DUI) conviction because it was a challenge to underlying conviction and not challenge to sentence). Likewise, federal courts interpreting former Federal Rule 35(a) have consistently held that the rule is not the appropriate vehicle for collateral challenges to

---

[1]   Former Federal Rule 35(a) was amended as part of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1837 (1984), and applies to offenses committed prior to November 1, 1987. Advisory Committee's Notes, F.R.Cr.P. 35. Federal Rule 35(a) has since been amended several times and now states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." F.R.Cr.P. 35(a); see Advisory Committee's Notes, F.R.Cr.P. 35 (listing and explaining amendments).

convictions. Oscarson, 2006 VT 30, ¶ 13; see, e.g., United States v. Jeffers, 388 F.3d 289, 292 (7th Cir. 2004) (explaining that Rule 35(a) motion was attack to underlying conviction and "beyond the power of the court to address under Rule 35(a)"); United States v. Lika, 344 F.3d 150, 153 (2d Cir. 2003) (rejecting defendant's attempts to challenge conviction through Rule 35(a) motion); United States v. Rourke, 984 F.2d 1063, 1067 (10th Cir. 1992) (explaining that defendant could not challenge guilty plea under Rule 35(a) motion because "Rule 35(a) allows correction of a sentence and does not provide for an attack on the validity of the underlying conviction").

¶ 15.   In this case, defendant attacks his underlying conviction for felony lewd and lascivious conduct under 13 V.S.A. § 2601, rather than his sentence.  He filed his claim that his sentence was unconstitutionally disproportionate to his conduct under Rule 35.  However, the claim was predicated on his assertion that his conduct supported a conviction for misdemeanor lewdness and that there was no additional aggravating behavior to distinguish his conduct from misdemeanor-level conduct.[2]  In other words, even though his Rule 35(a) argument is framed as a sentencing challenge, his motion stemmed from the trial evidence that formed the basis of his felony conviction and his view that it reflected misdemeanor-level behavior.  This type of challenge does not fall within the purview of Rule 35, which is focused on correcting sentences and does not provide a pathway for collaterally attacking convictions.  See United States v. Willis, 804 F.2d 961, 964 (6th Cir. 1986) ("A Rule 35 motion presupposes a valid conviction and is an inappropriate vehicle for collaterally attacking the underlying proceeding.").  We do not "re-

---

[2]  The precise nature of defendant's argument is somewhat unclear.  Sometimes defendant suggests that his concern is that his underlying conduct was sufficient to support only a conviction for misdemeanor lewdness, such as when he states that his conduct is "misdemeanor-level" because he did not have "additional aggravating criminal conduct."  At other times, defendant seems to argue the distinct point that his conduct could be considered both felony- and misdemeanor-level, such as when he states that he was "convicted and punished for committing a felony, but the exact same underlying conduct was also merely a misdemeanor."  In any case, both variations of the argument are directed at the nature of the underlying trial evidence and the fact that his conduct supported a felony-level conviction, rather than his sentence.

examine [potential] errors occurring at the trial or other proceedings prior to the imposition of [a] sentence" when analyzing a Rule 35(a) motion. Hill, 368 U.S. at 430.

¶ 16. To the extent that defendant is attacking the constitutionality of 13 V.S.A. § 2601, we are persuaded by federal courts that "the unconstitutionality of the statute underlying the conviction is not a matter than can be addressed in a Rule 35(a) motion" to correct a sentence. United States v. Peltier, 446 F.3d 911, 914 (8th Cir. 2006); cf. United States v. Pavlico, 961 F.2d 440, 443 (4th Cir. 1992) (explaining that defects making sentence "illegal" for purposes of former Federal Rule 35(a) are limited to "when the sentence imposed exceeds the statutorily-authorized limits, violates the Double Jeopardy Clause, or is ambiguous or internally contradictory" (citing 3 C. Wright & A. Miller, Federal Practice and Procedure § 582 (2d ed. 1982); 8A Moore's Federal Practice ¶ 35.07 (2d ed. 1991))). Even assuming the statute underlying the conviction is unconstitutional, if the statute authorizes the sentence it "would not be illegal within the meaning of" Rule 35(a), and so Rule 35(a) cannot provide relief. Peltier, 446 F.3d at 914.

¶ 17. Defendant's sentence is not illegal because it falls within the range authorized for his conviction for lewd and lascivious conduct under 13 V.S.A. § 2601. See Reporter's Notes, V.R.Cr.P. 35(a) ("An illegal sentence is one that is not authorized by statute."). Section 2601 provides that a person convicted of felony lewd and lascivious conduct shall be "imprisoned not more than five years or fined not more than $300.00, or both." 13 V.S.A. § 2601. Defendant was sentenced to two-to-four years, all suspended but for ninety days to serve, with a five-year term of probation. This is within the limits set forth under 13 V.S.A. § 2601. Accordingly, he has failed to demonstrate that his sentence was illegal within the meaning of Rule 35(a); the trial court properly denied his request for relief under that provision. See Oscarson, 2006 VT 30, ¶ 10 (explaining that defendant's sentence was not illegal under Rule 35(a) because sentence was within statutory maximum for person convicted of aggravated sexual assault).

¶ 18. We turn now to defendant's argument that the sentencing court abused its discretion in denying his motion to reduce his sentence under Rule 35(b). Defendant argues that the court erred by failing to consider and credit his argument that his felony conviction rested on "misdemeanor-level conduct" and thus his sentence was unconstitutionally disproportionate to the crime he committed. Defendant further asserts that the court should have reduced his sentence because he had no aggravating circumstances, specifically noting that he had no prior criminal history, had engaged in "misdemeanor-level conduct," was amenable to rehabilitation, and was an "extremely remote risk to reoffend."

¶ 19. Rule 35(b) and 13 V.S.A. § 7042 allow a court to reconsider and reduce a defendant's sentence. See V.R.Cr.P. 35(b) (explaining that trial court may "on its own initiative or on motion of the defendant" reduce sentence); 13 V.S.A. § 7042(a) (stating same). The trial court has broad discretion in deciding what factors to rely on during sentence reconsideration. State v. King, 2007 VT 124, ¶ 6, 183 Vt. 539, 944 A.2d 224 (mem.); see also State v. Stearns, 2022 VT 54, ¶ 12, 217 Vt. 276, 288 A.3d 173 (explaining under 13 V.S.A. § 7042(a) motion trial court can "consider[] such factors as it believes are relevant" (quotation omitted)). "The purpose of sentence reconsideration is to give the . . . court an opportunity to consider anew the circumstances and factors present at the time of the original sentencing." King, 2007 VT 124, ¶ 6 (quotation omitted). This allows the trial court to reconsider its decision without "the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice." State v. Therrien, 140 Vt. 625, 627, 442 A.2d 1299, 1301 (1982) (per curiam). This Court "reviews denials of motions for sentence reconsideration for abuse of discretion." State v. Therrien, 2022 VT 35, ¶ 12, 217 Vt. 65, 282 A.3d 1175.

¶ 20. The trial court acted within its discretion in denying defendant's motion for sentence reconsideration. As the trial court explained, the sentencing hearing took place months

after the jury trial, so "the heat of trial pressures" did not affect the court's original decision. Therrien, 140 Vt. at 627, 442 A.2d at 1301. The court disagreed with defendant's view of the severity of his behavior, stating that his "lewd and lascivious conduct . . . was, in the court's view, egregious and harmful." Indeed, it described his conduct as "predatory sexual behavior" that resulted in the victim being "traumatized." Furthermore, the court observed that defendant had testified untruthfully during trial and did not take responsibility for his actions at the sentencing hearing. The court explained that it considered defendant's relatively stable circumstances and lack of criminal record in imposing a less severe sentence than it might otherwise have. While it did not specifically refer to the presentence investigation report's opinion that defendant posed a low risk of recidivism, the court was not required to address every factor when ruling on defendant's motion for sentence reconsideration. See State v. Rodriguez, 2023 VT 59, ¶ 16, 218 Vt. 489, 311 A.3d 166 (explaining that trial court was not required to consider defendant's pretrial detention during pandemic for second time when ruling on defendant's motion for sentence reconsideration); see also Stearns, 2022 VT 54, ¶ 12 (explaining that sentence reconsideration does not require "wholesale review" of all sentencing factors).

¶ 21. Defendant argues that the court erred by failing to consider his argument that his sentence was unconstitutionally disproportionate because his felony conviction rested on, as he describes it, "misdemeanor-level conduct." But even if that is true, Rule 35 is not the appropriate mechanism to challenge an underlying conviction, so it was not incumbent upon the trial court to account for this argument in its Rule 35(b) analysis. Supra, ¶¶ 15-16. Nevertheless, the trial court's description of defendant's conduct as " 'predatory sexual behavior' " that traumatized the victim reflects the court's view that it was serious enough to warrant the sentence imposed. Defendant was convicted of felony lewd and lascivious conduct, not the lesser offense of lewdness, and the trial court appropriately considered his conduct in fashioning its sentence for that

10

conviction. The trial court therefore acted within its discretion in denying defendant's Rule 35(b) motion.

Affirmed.

FOR THE COURT:

_____

Associate Justice